[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12012
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00106-WTH-KRS

FULGENCIO DELEON,

                                                            Petitioner - Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                            Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 10, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

    Fulgencio DeLeon, a Florida state prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2254 federal habeas petition. We granted a certificate of appealability on whether the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), when it failed to address DeLeon's claim that his plea of guilty was invalid because he entered into it involuntarily and unknowingly. After careful review, we vacate and remand.

In Clisby, we "express[ed] our deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners." Id. at 935. Exercising our supervisory power, we instructed district courts to "resolve all claims for relief raised in a [Section 2254] petition . . . regardless [of] whether habeas relief is granted or denied." Id. at 936. A claim for relief, we explained, is "any allegation of a constitutional violation." Id. We made it clear that we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." Id. at 938.

Here, DeLeon raised five grounds for relief in his Section 2254 petition, one of which asserted that DeLeon did not knowingly or voluntarily enter into the guilty plea. The district court held that DeLeon had satisfied the exhaustion requirement as to this claim, and in a footnote, it acknowledged that it can reject a claim on the merits, even if a petitioner has not exhausted a claim. However, the

2

district court did not go on to address the merits of that claim. The district court thus left unresolved a claim of a constitutional violation. See Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (2005) (noting that a plea "is valid only if done voluntarily, knowingly, and intelligently").

The state points out that DeLeon did not ask the district court to reconsider its order denying his petition. That fact, however, is irrelevant. In Clisby, the petitioner filed a motion to alter or amend judgment, but he did not ask the district court to address all of the claims that it had left unresolved. See 960 F.2d at 935. Nonetheless, we remanded the case to the district court for consideration of all of those claims. Id. at 927. The state also suggests that the district court's failure to resolve the claim is "harmless" because, in any event, the claim fails on the merits or is procedurally defaulted. The rule that we laid out in Clisby, however, is not subject to harmless error analysis. See id. at 938 (noting that we will vacate and remand "whenever the district court has not resolved all such claims" (emphasis added)).

For these reasons, we vacate the judgment of the district court and remand the case for consideration of DeLeon's remaining claim for relief.

**VACATED AND REMANDED.**

3